OPINION. Van Fossan, Judge \ The issue here raised presents a question of fact depending on the circumstances of the particular case. Rheinstrom v. Conner, 125 Fed. (2d) 790; certiorari denied, 317 U. S. 654. No sole or universally applicable test can be laid down. Flanagan v. Helvering, 116 Fed. (2d) 937. The statutory provision is couched in broad terms — “at such time and in such manner.” Though decided cases are not controlling, they are helpful as indicating what elements have been considered important, viz., the presence or absence of a real business purpose, the motives of the corporation at the time of the distribution, the size of the corporate surplus, the past dividend policy, and the presence of any special circumstance relating to the distribution. In our findings of fact we have indicated our conclusions of fact that the acquisition and cancellation by Imler Supply Co. of certain shares of its capital stock in 1942 were not made at such time and in such manner as to be essentially equivalent to a distribution of a taxable dividend under section 115 (g) of the Internal Revenue Code; or, as stated otherwise, that the transaction constituted a partial liquidation under section 115 (c). The principal building owned by the company had been damaged by fire in 1941. When the company undertook to repair the building it was found that, because of war conditions, the shortage of building materials, and high costs, it was advisable to abandon 2 damaged floors and reduce the 7-story building to one of 5 stories. The consequence was that the company found its facilities inadequate to carry on the retinning and soldering operations formerly engaged in. Moreover, these operations had proven unprofitable in recent experience because of war conditions and shortage of necessary materials. For these reasons the company discontinued the retinning and soldering operations. This reduction in operations likewise reduced the amount of capital necessary for carrying on the business activities of the company. This was a bona fide contraction of business operations and consequent reduction in capital used. The company thus had a real and legitimate purpose for reducing its outstanding capital stock. The motives of the corporation were all related to the above business purpose and were, therefore, legitimate and properly conceived. If the excess of insurance proceeds be set to one side, the surplus of the company had remained almost constant for 10 years. The company had followed a conservative dividend policy throughout its history and had not paid a dividend since 1934. The original issuance of the stock had occurred many years before and there was no connection between the issuance and the redemption of the same. There was no special circumstance or condition relating to the distribution excepting the fact that the company had in its hands the excess insurance proceeds which formed the basis of the distribution. We are convinced that, except for the fire and the excess insurance proceeds, there would have been no distribution. Under the facts here present, the redemption of the company’s stock was not accomplished at such time and in such manner as to be essentially equivalent to the distribution of a taxable dividend. Reviewed by the Court. Decision will be entered for the petitioner.